UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN OPEN COURT
U.S.D.C. Atlanta

AUG 3 0 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

|  |  |  |
|---|---|---|
| | ) | |
| IN RE AFC ENTERPRISES, INC. | ) | Consolidated Civil Action |
| DERIVATIVE LITIGATION | ) | No. 1:03-CV-1584-TWT |
| | ) | |

## ORDER APPROVING SETTLEMENT

**Introduction and Background**. Plaintiffs Walter Weitz, Charles Guarneri, nominal Defendant AFC Enterprises, Inc. [AFC] and Defendants have entered into a Stipulation and Agreement of Settlement dated June 13, 2005 ["Settlement Agreement"] to settle this shareholder derivative action.

The Court entered an Order July 8, 2005 preliminarily approving the Settlement Agreement under Fed.R.Civ.P. 23.1, ordering individual notice to AFC shareholders ["Shareholders"] of record as of July 15, 2005 via first class mail, scheduling a Fairness Hearing for August 30, 2005, and providing those Shareholders an opportunity to object to the proposed Settlement Agreement. The Court then held a Fairness Hearing on August 30, 2005 to determine whether to give final approval to the proposed Settlement Agreement. No objection to the proposed Settlement Agreement has been filed with the Court.

The Court hereby finds that:

1.     The parties have complied with the Preliminary Approval Order's notice provision and have provided notice in accordance with the parties' Settlement Agreement.

2.     The Joint Motion to Add Walter Weitz as a Party Plaintiff is due to be GRANTED and that his counsel Eric Zagar and the firm of Schiffrin & Barroway, LLP are to be added as additional Plaintiffs' counsel.

3.     Individual notice via first class mail in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order has been accomplished; and said method of notice constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and fully satisfied the requirements of Rule 23.1, and the due process clause of the United States Constitution.

4.     The terms and provisions of the Settlement Agreement have been entered into in good faith.

5.     The Settlement Agreement is hereby finally APPROVED as fair, reasonable and adequate, and in the best interests of the Plaintiffs and the nominal Defendant, AFC.

6.     Defendants, Plaintiffs' counsel and Plaintiffs are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7.     The terms of the Settlement Agreement and of this Order and the accompany Final Judgment shall be forever binding on Plaintiffs, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits and other proceedings maintained by or on behalf of any such persons (or nominal Defendant AFC), to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the terms of the release that is part of the Settlement Agreement as is described more fully in the next paragraph of this Order.

8.     The Release contained in Section V of the Settlement Agreement, which agreement is also set forth in full in Appendix "A" hereto, is expressly incorporated herein in all respects, is effective as of the date of this Order and the accompanying Final Judgment, and forever discharges the Released Parties as that term is defined in Section II, paragraph l of the Settlement Agreement from any claims or liabilities arising from or related to the Released Claims including "Unknown Claims" as those terms are defined in Section II, paragraphs k and o, respectively, in the Settlement Agreement

9.     Except as set forth in the Settlement Agreement, Plaintiffs and AFC as nominal Defendant are hereby permanently barred and enjoined from (a) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class

3

members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the "Released Claims," including "Unknown Claims," and (b) organizing or soliciting the participation of any AFC shareholder in a separate action for purposes of pursuing as a purported derivative action any lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, released in this action. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this action and to protect and effectuate the Court's Final Judgment.

10.    Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

11.    Plaintiffs' counsel are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the total amount of $516,667.00 to be paid in accordance with the terms of the Settlement Agreement.

12.    The preceding paragraphs of this Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs, or incurred by Plaintiffs, or any of them in connection with or related in any manner to this action,

or the settlement of this action.  Defendants shall be liable to Plaintiffs for no attorneys' fees, representative fees, or expenses not expressly provided.

13.   Without in any way affecting the finality of this Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and the accompanying Final Judgment, including, without limitation, for the purpose of:

(a)   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order or the Final Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are or are not barred or released by this Order and the Final Judgment, etc.);

(b)   entering such additional order, if any, as may be necessary or appropriate to protect or effectuate this Order, the Final Judgment, and the Settlement  Agreement, or to ensure the fair and orderly administration of the Settlement Agreement;

(c)   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; and

5

(d)     entering a subsequent Memorandum Opinion in support of this Order.

This action, including all individual and derivative claims resolved in it, will be dismissed on the merits and with prejudice against Plaintiffs, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

Accordingly the Settlement Agreement in this derivative action is hereby APPROVED.

*Thomas W. Thrash*

Honorable Thomas W. Thrash, Jr.
U.S. District Court
Northern District of Georgia

6

RECEIVED

JUL 0 5 2005

P M K M & N

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE AFC ENTERPRISES, INC. DERIVATIVE LITIGATION | ) ) ) ) | **Consolidated Civil Action No. 1:03-CV-1584-TWT** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Settlement Agreement (this "Stipulation"), dated as of June 13, 2005, is entered into by and among Plaintiffs Richard Guarneri ("Guarneri") and Walter Weitz ("Weitz"), derivatively on behalf of AFC Enterprises, Inc. ("AFC"), nominal Defendant AFC, and Defendants Frank J. Belatti, Kelvin J. Pennington, John M. Roth, Ronald P. Spogli, Peter Starrett, Carolyn H. Byrd, Victor Arias, Jr., Matt L. Figel, R. William Ide, III, Samuel N. Frankel, Freeman Spogli & Co., Penman Private Equity and Mezzanine Fund, L.P., Penman Asset Management, L.P., Dick R. Holbrook, Gregg A. Kaplan, Jon Luther, Hala Moddelmog, Gerald J. Wilkins, Mark J. Doran, Paul Farrar and William M. Wardlaw. All parties to this Stipulation shall be collectively referred to as the "Parties."

The Parties have reached an agreement to settle the shareholder derivative litigation styled *In re AFC Enterprises, Inc. Derivative Litigation.*, Consolidated Civil Action No. 03-CV-1584-TWT, pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Federal Derivative Litigation"), together with the "State Derivative Litigation" (as defined below), on the terms and conditions set forth in this Stipulation, subject to Court approval. This Stipulation is intended by the Parties to fully, finally and forever resolve, release, discharge and settle any and all claims that have been or could have been brought in the Federal Derivative Litigation and the State Derivative Litigation (collectively, the "Derivative Litigation").

## I.
## RECITALS

WHEREAS:

A.  On or about June 5, 2003, Wesley Fortenberry ("Fortenberry"), derivatively on behalf of AFC, brought suit against certain of the Defendants and AFC in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:03-CV-01584-TWT. Fortenberry was subsequently dismissed as a plaintiff by joint stipulation on May 20, 2005, and by Order of the Court of May 25, 2005.

B.  On or about July 24, 2003, Guarneri, derivatively on behalf of AFC, brought suit against certain of the Defendants and AFC in the United States

2

District Court for the Northern District of Georgia, Atlanta Division, Case No.
1:03-CV-2095-TWT.

C.      Both lawsuits were subsequently consolidated in the United States

District Court for the Northern District of Georgia, Atlanta Division, under Case

No. 1:03-CV-1584-TWT, defined herein as the Federal Derivative Litigation.

D.      On or about August 7, 2003, Walter Weitz, derivatively on behalf of

AFC, brought suit against certain of the Defendants and AFC in the Superior Court

of Gwinnett County, Georgia, Case No. 03-A08907-5 (the "State Derivative

Action").

E.      On or about November 24, 2003, Plaintiffs Fortenberry and Guarneri

filed their Consolidated Amended Derivative Complaint.  Plaintiffs asserted claims

for breach of fiduciary duty, abuse of control, gross mismanagement, waste of

corporate assets, unjust enrichment, breach of fiduciary duties for insider selling,

misappropriation of information, and violation of the Sarbanes-Oxley Act of 2002.

F.      All Defendants (as defined below) deny any wrongdoing, fault,

liability or damage to Plaintiffs or AFC, deny that they engaged in any

wrongdoing, deny that they committed any violation of law, and deny that they

acted improperly in any way.  The Defendants further contend that (i) they acted

properly at all times, discharging their duties with due care and in a manner

believed in good faith to be in the best interests of AFC, (ii) that they are not liable

to AFC or its shareholders because they performed their duties in compliance with applicable federal and state statutory and common law, including but not limited to the business judgment rule, and (iii) that the Derivative Litigation is without merit.

G.    In view of the uncertainty and risk of the outcome of any litigation (especially complex derivative litigation), the difficulties and substantial distractions, especially distractions related to the ongoing operations of AFC, burdens, expenses and length of time necessary to engage in discovery and defend the proceeding, possible summary judgment motions, a possible trial, possible post-trial motions and possible appeals, and to eliminate the distractions, risks, burdens and expenses of further litigation, the Parties signed a Memorandum of Understanding as of June 13, 2005, a true and correct copy of which has been submitted to the Court, to settle the Derivative Litigation and put the Released Claims (as defined below) to rest, finally and forever.

H.    Plaintiffs, by and through Plaintiffs' Counsel, represents that they have conducted and completed extensive research, discovery and investigation relating to the claims and the underlying events and transactions alleged in the Derivative Litigation, including (i) review and analysis of hundreds of thousands of pages of documents produced by AFC and certain of the Defendants (as defined below), (ii) review and analysis of various public statements and filings made by

4

AFC and its senior officers with the SEC, analysts' reports concerning AFC, and press releases, news articles and other media reports concerning AFC.

I.     Plaintiffs believe that the claims asserted in the Derivative Litigation have merit.   However, Plaintiffs and Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Derivative Litigation against the Defendants through trial and appeal. Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as the Derivative Litigation, as well as the difficulties, expense and delays inherent in such litigation.   Plaintiffs and Plaintiffs' Counsel also are mindful of the inherent problems of proof of, and defenses to, the violations asserted in the Derivative Litigation, especially in light of the lack of evidence of fraud on the part of any Defendant and the positive performance of AFC since the respective filings of the Federal Derivative Litigation and the State Derivative Litigation.

J.     The Parties have voluntarily agreed to settle the Derivative Litigation after consultation with competent legal counsel.   This Stipulation shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Derivative Litigation or as a concession by any or all of the Defendants of any wrongdoing, fault, liability or damage to Plaintiffs, to AFC, or

to any other person or entity, or any infirmity in any defense any or all Defendants asserted or could have asserted.

K.     The Parties and their counsel believe that the settlement embodied in this Stipulation is fair, reasonable and adequate and in the best interests of AFC and its stockholders.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties that, subject to Court approval, any and all claims that have been or could have been brought in the Derivative Litigation shall be finally and fully compromised, settled and released as to each of the Defendants and AFC, upon and subject to the terms and conditions of this Stipulation as follows.

## II.
## DEFINITIONS

1.     For purposes of this Stipulation, and in addition to the terms defined above, the following definitions apply:

a.     "Board" means the Board of Directors of AFC.

b.     "Court" means the United States District Court for the Northern District of Georgia, the Honorable Thomas W. Thrash, Jr., presiding.

c.     "Defendants" means Frank J. Belatti, Kelvin J. Pennington, John M. Roth, Ronald P. Spogli, Peter Starrett, Carolyn H. Byrd, Victor Arias, Jr., Matt L. Figel, R. William Ide, III, Freeman Spogli & Co., Penman Private Equity and Mezzanine Fund, L.P., Penman Asset Management, L.P., Dick R. Holbrook,

6

Gregg Kaplan, Jon Luther, Hala Moddelmog and Gerald J. Wilkins; and additional Defendants in the State Derivative Action, Paul Farrar, William M. Wardlaw, Samuel N. Frankel and Mark J. Doran.

        d.      "Future Changes" means those corporate governance changes set out in Article III of this Stipulation.

        e.      "Plaintiffs" means Richard Charles Guarneri and Walter Weitz, derivatively on behalf of AFC.

        f.      "Plaintiffs' Counsel" means Steven J. Estep of Cohen, Cooper, Estep & Mudder; George E. Barrett, Douglas S. Johnston, Jr. and Timothy L. Miles of Barrett, Johnston & Parsley; James G. Stranch, III and J. Gerard Stranch, IV of Branstetter, Kilgore, Stranch & Jennings; Jeffrey Fink of Robbins Umeda & Fink, LLP; Eric L. Zagar of Schiffrin & Barroway, LLP, and Render Freeman of Andersen, Tate, Mahaffey & McGarity, PC.

        g.      "Released Claims" means collectively any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether derivative or individual in nature,

whether asserted in federal or state court, arbitration or other forum domestic or foreign, including both known claims and Unknown Claims (as defined herein) held at any point from the beginning of time to the date of final approval of this Stipulation, which have been or could have been asserted by Plaintiffs or any AFC shareholder on AFC's behalf in the Derivative Litigation arising out of or relating to (i) the facts, matters, transactions, conduct, omissions or circumstances alleged, or which could have been alleged, in the Derivative Litigation, and (ii) the defense or settlement of the Derivative Litigation; provided, however, that "Released Claims" shall not be deemed to include any existing statutory or contractual indemnification rights and obligations between Defendants on one hand and AFC on the other hand.

       h.    "Released Parties" means the Defendants, including nominal Defendant AFC, Plaintiffs and Plaintiffs' Counsel, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, members, shareholders, partners, partnerships, principals, officers and directors of each of them, the present and former attorneys, advisors, trustees, administrators, fiduciaries, consultants, representatives, and agents of each of them, and the predecessors, estates, heirs, executors, trusts, trustees, administrators, successors and assigns of each, any person or entity which is or was related to or affiliated with any of the foregoing or in which any of the foregoing persons and

8

entities has or had a controlling interest and the present and former employees, members, shareholders, partners, partnerships, principals, officers and directors, attorneys, advisors, trustees, administrators, fiduciaries, consultants, representatives, accountants and auditors, insurers, and agents of each of them.

i. "Settlement" means the settlement of the Derivative Litigation agreed to by and among the Parties and embodied in this Stipulation.

j. "Stipulation" means this Stipulation and Agreement of Settlement.

k. "Unknown Claims" means any and all Released Claims that Plaintiffs do not know or suspect to exist in their favor upon release of the Released Claims which, if known by any of them, may have affected their decision with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that Plaintiffs expressly waive, and by operation of the Final Dismissal With Prejudice, shall have expressly waived, any and all provisions, rights and benefits conferred by any law, rules or regulations of any state or territory of the United States or any other country, or principle of common or civil law, that in any way would restrict or limit the scope of this Stipulation whether such restriction and/or limitation is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE CREDITOR DOES NOT
KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
THE TIME OF EXECUTING THE RELEASE, WHICH
IF KNOWN BY HIM MUST HAVE MATERIALLY
AFFECTED HIS SETTLEMENT WITH THE
DEBTOR.

Plaintiffs acknowledge that the inclusion of Unknown Claims in the definition of

Released Claims was separately bargained for and was a key element of the

Settlement.

## III.
## CORPORATE GOVERNANCE CHANGES

1.     AFC will be implementing, upon final approval by the Court and

dismissal of the Federal Derivative Litigation and as soon as practical thereafter,

certain corporate governance changes as a direct and substantial result of the

prosecution of the Derivative Litigation.   These corporate governance changes,

discussed in paragraph 2 of this Article III, shall be implemented by and applicable

to the Board.

2.     The following corporate governance changes represent future changes

that will be implemented as soon as practical, but in no event sooner than approval

of this Stipulation by the Court and dismissal with prejudice of the Derivative

Litigation, by AFC as a direct and substantial result of the prosecution and/or

settlement of the Derivative Litigation:

10

a. All directors shall be urged to participate in regular continuing education every three (3) years regarding directors' responsibilities and best practices corporate governance measures.

b. AFC will agree to pay for directors to attend an accredited directors' fiduciary program at least every three (3) years.

c. AFC's Office of General Counsel will provide continuing education regarding directors' responsibilities and best practices corporate governance measures, not less than annually, as part of regularly scheduled quarterly Board meetings.

d. Within two (2) years, AFC will name at least one (1) new independent director.

e. At least once every three (3) years, AFC's internal auditors shall prepare and submit to the Audit Committee for approval a multi-year plan to assess AFC's auditing risk.

f. The head of internal auditing shall report directly to the Audit Committee, communicate regularly with the Audit Committee, be invited to all Audit Committee meetings when appropriate, and meet at least quarterly with the Audit Committee in executive session.

g. No director will be Lead Independent Director for more than five (5) consecutive years.

        h.     The Board will change the AFC Honor Code to reflect that only the Board has the authority to approve political contributions to the nomination or election of candidates to any public office or for the benefit of any political party, including 527 organizations.

        i.     The Board shall not re-price any options or stock grants absent unanimous vote of the Board of Directors or shareholder approval.

        j.     At least once every three (3) years, the Audit Committee will make an intentional decision as to whether to retain or replace AFC's outside auditors.

        3.     The governance provisions included in paragraph 2 above can be altered or removed by the affirmative vote of a majority of the independent directors of the Board, upon determining, in good faith and upon the advice of counsel, that such guideline or guidelines conflict with or are substantially redundant with any law, regulation or rule (including rules of the NASDAQ or other exchange or quotation system on which AFC's stock is listed or traded), or conflict with or are substantially redundant with any amendment to AFC's articles of incorporation approved by AFC's shareholders. These changes shall only be or remain applicable while AFC is a publicly-traded company on a generally recognized stock exchange and/or continues to do business in its present form and

is not otherwise acquired, sold, managed, or otherwise is subject to a change of control.

4.      The primary responsibility of the Board is to provide effective governance over AFC's affairs for the benefit of AFC's public stockholders, and it is the intention of the Parties that the corporate governance changes discussed above will assist the Board in fulfilling that responsibility.

## IV.
## ADDITIONAL CONSIDERATION

1.      Nominal Defendant AFC shall continue to use its best efforts to prevail in the pending litigation against its directors and officers insurers and Arthur Andersen for recovery of costs, expenses and damages arising from the consolidated securities litigation pending under the caption *In re AFC Enterprises Securities Litigation*, Case No. 1:-03-CV-0817-TWT, in the United States District Court for the Northern District of Georgia, Atlanta Division, but retains the sole right to pursue, manage or compromise the insurance and Andersen cases, subject to the litigation rights of each Defendant who is also a party to the insurance litigation.   The other Defendants, within their official roles, shall endeavor to support AFC in such effort.

2.      Counsel for Plaintiff Weitz and counsel for Defendants shall within 10 days of execution hereof submit to the Superior Court of Gwinnett County, Georgia a joint motion and consent order pursuant to O.G.C.A. § 14-2-745 for

13

approval of the discontinuance of the State Derivative Action by virtue of this Stipulation; said joint motion and consent order shall expressly provide that the discontinuance does not require an additional or separate notice to AFC shareholders in the State Derivative Action because of the notice to be provided in the Federal Derivative Action. The joint motion and consent order shall further provide that upon the dismissal with prejudice of the Federal Derivative Action, the State Derivative Action shall be dismissed with prejudice. Thus, the State Derivative Action will be discontinued and ultimately dismissed with prejudice in favor of the settlement of all claims asserted or that could have been asserted in the Federal Derivative Action. Counsel for Weitz shall enter a notice of appearance as additional Plaintiffs' counsel in the Federal Derivative Action, and Weitz shall be added as a party Plaintiff, without objection from Defendants, to the Federal Derivative Action.

## V.
## RELEASES AND ENTRY OF FINAL JUDGMENT OF DISMISSAL

1.     The obligations incurred in this Stipulation shall be in full and final disposition of the Derivative Litigation and any and all Released Claims against any and all Released Parties.

2.     Plaintiffs and AFC, including their heirs, executors, administrators, shareholders, successors and assigns, and any persons they represent, with respect to all Released Claims, release and forever discharge, and shall forever be enjoined

14

from prosecuting, all Released Claims against each and every one of the Released Parties.

3.    Nothing herein shall be deemed to alter, amend, change, enlarge, supersede and/or modify any existing indemnity rights and obligations between any Defendant and AFC, whether such obligations exist by agreement or applicable statute(s).  Such rights and obligations will remain unaffected by this Stipulation.  Moreover, nothing herein shall be deemed to affect enforcement or other rights held by any governmental agency with jurisdiction over AFC and Defendants.

4.    Upon approval of the Settlement by the Court, Plaintiff(s) shall submit and request entry of a Final Judgment of Dismissal with Prejudice in a form approved by AFC and Defendants pursuant to which Plaintiffs shall take nothing by their claims and which will finally dispose with prejudice of all claims that have been or could have been asserted in the Derivative Litigation.  All Parties and their counsel agree not to appeal or otherwise contest such judgment and dismissal.

## VI.
## ATTORNEYS' FEES, EXPENSES AND CONDITIONS

1.    Payment of attorneys' fees shall be made on the 35th day after the Final Judgment of Dismissal with Prejudice is entered by the Court provided that no appeal is taken after the Final Judgment of Dismissal with Prejudice and provided further that the State Derivative Litigation has been dismissed with

15

prejudice.  Assuming no appeal of either dismissal, AFC shall pay the fees and expenses (including, without limitation, the fees and expenses of all experts retained by Plaintiffs' Counsel to assist in the Derivative Litigation) of Plaintiffs' Counsel in an aggregate amount of $516,667.00,[1] as a unitary part of the Settlement.  Such payment shall be made to Plaintiffs' Counsel c/o Bransetter, Kilgore, Stranch & Jennings.  If there is an appeal, said payment shall be made, assuming affirmance of the Final Judgment of Dismissal with Prejudice, ten (10) business days after issuance of the relevant mandate.

2.     The Settlement shall terminate and be of no further force or effect if any of the conditions set forth below occur, unless waived by AFC and all the Defendants:

a.      the Court does not enter an Order approving this Stipulation and the Final Judgment of Dismissal with Prejudice; or

b.      any material part of the Stipulation or Final Judgment of Dismissal with Prejudice is overturned or set aside on appeal; or

c.      The State Derivative Litigation is not discontinued and dismissed with prejudice as set forth in this Stipulation and in deference to the Federal Derivative Litigation.

---

[1] This aggregate amount is inclusive of any and all attorneys' fees, costs and expenses of all counsel of record in the State Derivative Action.  In no event shall any Defendant or AFC be liable for any sum or payment other than as expressly set forth herein.

3.     If any of the conditions in paragraph 2 of this Article VI occur and are not waived by AFC and all Defendants, the Parties shall revert to their litigation positions, including the revival of the State Derivative Action, immediately prior to the execution of the Memorandum of Understanding dated June 13, 2005, and the fact and terms of the Stipulation shall not be admissible in any trial, including but not limited to, the trial of the Federal Derivative Litigation.

## VII.
## NO ADMISSION OF WRONGDOING

1.     This Stipulation, whether or not consummated, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or any negotiation, discussion or proceedings in connection with this Stipulation or the Settlement:

a.     does not constitute and shall not be offered against any or all of the Defendants or AFC for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any or all Defendants or AFC with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Derivative Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Derivative Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any or all Defendants or AFC.

b.    does not constitute and shall not be offered against any or all Defendants or AFC as evidence of or be construed as or deemed evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any or all Defendants or AFC, or against Plaintiffs as evidence of any infirmity in the claims of Plaintiffs.

c.    does not constitute and shall not be offered against any or all Defendants or AFC as evidence of or be construed as or deemed evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding (including, but not limited to, any formal or informal investigation or inquiry by the Securities and Exchange Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided, however*, that if this Stipulation is approved by the Court, any or all Defendants and AFC may refer to this Stipulation to effectuate the liability protection granted them hereunder.

d.    does not constitute and shall not be offered or construed against any or all Defendants or AFC as an admission or concession that the corporate

18

governance reforms and attorneys' fees and expenses paid hereunder represent remedies which could have been recovered after trial; and

e.      shall not be offered, construed or received in evidence as an admission, concession or presumption against Plaintiffs or their attorneys that any of their claims are without merit.

2.      Any or all Released Parties may file this Stipulation and/or the Final Judgment of Dismissal with Prejudice in any other action or proceeding that may be brought against any or all of them in support of a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Plaintiffs understand, acknowledge and agree that the Defendants have denied and continue to deny each and all claims of alleged wrongdoing.

## VIII.
## MISCELLANEOUS PROVISIONS

1.      This Stipulation constitutes the entire agreement among the Parties concerning the Settlement of the Derivative Litigation, and supersedes any prior agreements or understandings between the Parties with respect to the Settlement, including but not limited to the Memorandum of Understanding dated June 13, 2005.  No representations, warranties, or inducements have been made by any

Party concerning this Stipulation or its exhibits, other than those contained and memorialized in this Stipulation.

2.      The Parties intend the Settlement to be a final and complete resolution of all allegations asserted or which could have been asserted on behalf of AFC against Defendants with respect to all matters set forth in Plaintiffs' Consolidated Amended Derivative Complaint.  Further, the Parties agree that the attorneys' fee amount paid and the other terms of the Settlement were negotiated at arm's length in good faith and in the best interests of AFC, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.  The Parties assert no claim of bad faith prosecution or defense.  Defendants acknowledge that this case was brought in good faith by Plaintiffs and Plaintiffs' Counsel, and Plaintiffs acknowledge this case was defended in good faith by Defendants and their attorneys.

3.      Plaintiffs expressly represent and warrant that, in entering into the Settlement, they relied upon their own knowledge and investigation (including the knowledge of and investigation performed by Plaintiffs' Counsel), and not upon any promise, representation, warranty or other statement made by or on behalf of any of the Defendants or AFC not expressly contained in this Stipulation.

4.      Pursuant to the Protective Order entered in this case, Plaintiffs and Plaintiffs' counsel shall destroy and certify destruction or return to AFC all

documents and tangible things produced by AFC in the Derivative Litigation, including all copies and summaries thereof, and all CDs containing images thereof. Plaintiffs and Plaintiffs' Counsel shall also delete or otherwise erase all electronic databases containing images of any documents produced by AFC in the Derivative Litigation. Also within 45 days of the Final Judgment of Dismissal with Prejudice becoming final, Plaintiffs' Counsel shall provide written confirmation to counsel for AFC of the deletion and/or erasure of all images and, if AFC chooses to have Plaintiffs and Plaintiffs' Counsel destroy the documents, destruction of all documents produced by AFC in the Derivative Litigation. In addition, all agreements and orders entered during the course of the Derivative Litigation relating to the confidentiality of information, including without limitation the Agreed Protective Order agreed to by the Parties, shall survive this Stipulation.

5. This Stipulation may not be modified or amended, nor may any of its provisions be waived (except the conditions set forth in paragraph 2 of Article VI, which may only be waived by AFC and all Defendants), except by a writing signed by all Parties hereto or their successors-in-interest.

6. The headings herein are used for the purpose of convenience only and are not meant and shall not be construed to have any legal effect.

7.     The administration and consummation of the Settlement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders enforcing the terms of the Settlement.

8.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts. Any signature to this Stipulation, to the extent signed and delivered by facsimile, shall be treated in all manners and respects as an original signature and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.  At the request of a Party, any other Party so executing and delivering this Stipulation by facsimile shall re-execute original forms thereof and deliver them to the requesting Party.  No Party shall raise the use of facsimile to deliver or transmit a signature as a defense to the formation or enforceability of this Stipulation, and each such Party forever waives any such defense.

10.    The terms of this Stipulation shall be binding upon, and inure to the benefit of the successors and assigns of the Parties and the Released Parties.

22

11.   The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Minnesota without regard to conflicts of laws, except to the extent that federal law requires that federal law governs. Exclusive venue over any dispute arising from or relating to this Stipulation shall lie in the United States District Court for the Northern District of Georgia, Atlanta Division, and the Parties expressly consent to personal jurisdiction in Georgia in connection with any action to enforce the Settlement.

12.   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

13.   All counsel and any other person executing this Stipulation, or any related settlement documents, warrant and represent that they have full authority to do so and that they have the authority to take appropriate action required or permitted to be taken under this Stipulation to effectuate its terms.

14.   Counsel for Plaintiffs, counsel for the Defendants, and counsel for AFC agree to cooperate fully with one another in seeking prompt Court approval of the Settlement and the entry of a Final Judgment of Dismissal with Prejudice,

and promptly to agree on and execute all such other documents and to take all such other action as may be reasonably required to obtain the Court's final approval of the Settlement and the entry of a Final Judgment of Dismissal with Prejudice. The Parties shall promptly apply to the Court for approval of the Settlement. The Parties shall use their best efforts to obtain Court approval of the Settlement.

15.    Any agreements and orders entered during the course of the Derivative Litigation relating to the confidentiality of information shall survive this Stipulation.

16.    Nothing in this Stipulation, the negotiations relating thereto, or the process and content of discovery, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege or work product immunity.

17.    The Parties (i) acknowledge their intent to consummate the Settlement and (ii) agree to cooperate as reasonably necessary to effectuate and implement this Stipulation, and to use their commercially reasonable efforts to accomplish this Stipulation's terms and to consummate its contemplated transactions.

18.    The Parties acknowledge, represent and warrant to each other that the mutual releases and payments hereunder are adequate consideration for the consideration given.

19.    The Plaintiffs and Plaintiffs' Counsel represent and warrant that they, individually and collectively, have not assigned any rights, claims or causes of action that were asserted or could have been asserted in the Derivative Litigation in connection with or arising from any of the Released Claims.

20.    AFC shall be responsible for and shall pay all costs and expenses incident to providing to its stockholders of record as of July 15, 2005 a "Notice of Settlement."  The contents and manner of such notice shall be as approved by the Court.

21.    The Parties acknowledge that their counsel for each Party hereto has express authority to execute this Stipulation on their behalf and that such signature by counsel shall have the same force and binding effect as if signed by the Party.

/s/ Richard Guarneri
Richard Guarneri


/s/ Walter Weitz
Walter Weitz


/s/ James G. Stranch, III
James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, KILGORE, STRANCH &
        JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Fax: (615) 255-5419


/s/ Lee D. Rudy
Eric L. Zagar
Lee D. Rudy
Schiffrin & Barroway, LLP
Suite 400
Three Bala Plaza East
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Fax: (610) 667-7056 Fax


/s/ Steven J. Estep
Steven J. Estep
Georgia Bar No. 250450
Cohen, Cooper, Estep & Mudder
3350 Riverwood Parkway
Suite 2220
Atlanta, GA 30339
Telephone: (404) 814-0000
Fax: (404) 816-8900

/s/ Render C. Freeman
Render C. Freeman
Georgia Bar No. 275910
Andersen, Tate, Mahaffey & McGarity, PC
1505 Lakes Parkway
Suite 100
Lawrenceville, GA  30043
Telephone:  (770) 822-0900
Fax:  (770) 822-9680

**Plaintiffs' Counsel**


/s/ George E. Barrett
George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
Telephone:  (615) 244-2202
Facsimile:   (615) 252-3798

Jeffrey Fink
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue
Suite 2360
San Diego, CA 92101
Telephone: (619) 525-3990
Fax: (619) 525-3991

**Plaintiffs' Executive Committee**

/s/ Teresa Pike Tomlinson
C. Neal Pope
Georgia Bar No. 583769
Teresa Pike Tomlinson
Georgia Bar No. 466930
Pope, McGlamry, Kilpatrick,
Morrison & Norwood, LLP
Synovus Centre
1111 Bay Avenue, Suite 450
Columbus, GA  31901-2412


/s/ Richard H. Gill
Richard H. Gill, Esq.
George W. Walker, III, Esq.
Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street
P.O. Box 347
Montgomery, AL  36101-0347

**Counsel for Defendants Belatti, Frankel, Holbrook, Kaplan Luther, Moddelmog and Wilkins**


/s/J. Marbury Rainer
David G. Russell
Georgia Bar No. 630250
J. Marbury Rainer
Georgia Bar No. 592225
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Ave., NE
Atlanta, GA  30303

**Counsel for Defendants Arias, Byrd, Ide, Roth, Starrett Figel, Spogli, Pennington, Freeman Spogli & Co., Penman Private Equity and Mezzanine Fund, L.P., Penman Asset Management, L.P., Doran, Farrar, and Wardlaw**

/s/ William P. Eiselstein
William P. Eiselstein
Georgia Bar No. 242798
Shelby R. Grubbs
Georgia Bar No. 314500
Miller & Martin, PLLC
1170 Peachtree St., Ste. 800
Atlanta, GA  30309

**Counsel for Nominal Defendant AFC Enterprises, Inc.**

413048_1

_Richard Guarneri_   7/2/05

Richard Guarneri

_____

Walter Weitz

_____

James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, KILGORE, STRANCH &
      JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Fax:  (615) 255-5419

_____

Eric L. Zagar
Lee D. Rudy
Schiffrin & Barroway, LLP
Suite 400
Three Bala Plaza East
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Fax:  (610) 667-7056 Fax

_____

Steven J. Estep
Georgia Bar No. 250450
Cohen, Cooper, Estep & Mudder
3350 Riverwood Parkway
Suite 2220
Atlanta, GA 30339
Telephone: (404) 814-0000
Fax: (404) 816-8900

Richard Guarneri

_Walter Weitz_
Walter Weitz


James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, KILGORE, STRANCH &
    JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Fax:  (615) 255-5419


Eric L. Zagar
Lee D. Rudy
Schiffrin & Barroway, LLP
Suite 400
Three Bala Plaza East
Bala Cynwyd, PA 19004
Telephone:  (610) 667-7706
Fax:  (610) 667-7056 Fax


Steven J. Estep
Georgia Bar No. 250450
Cohen, Cooper, Estep & Mudder
3350 Riverwood Parkway
Suite 2220
Atlanta, GA 30339
Telephone:  (404) 814-0000
Fax:  (404) 816-8900

ISTETTER, KILGORE    Fax:615-250-3937    Ju    2005  12:02    P.04

Richard Guarneri


Walter Weitz


James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, KILGORE, STRANCH &
     JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Fax: (615) 255-5419



Eric L. Zagar
Lee D. Rudy
Schiffrin & Barroway, LLP
Suite 400
Three Bala Plaza East
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Fax: (610) 667-7056 Fax



Steven J. Estep
Georgia Bar No. 250450
Cohen, Cooper, Estep & Mudder
3350 Riverwood Parkway
Suite 2220
Atlanta, GA 30339
Telephone: (404) 814-0000
Fax: (404) 816-8900


26

_____
Richard Guarneri


_____
Walter Weitz


_____
James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, KILGORE, STRANCH &
      JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Fax:  (615) 255-5419


_____
Eric L. Zagar
Lee D. Rudy
Schiffrin & Barroway, LLP
Suite 400
Three Bala Plaza East
Bala Cynwyd, PA 19004
Telephone:  (610) 667-7706
Fax:  (610) 667-7056 Fax


_____
Steven J. Estep
Georgia Bar No. 250450
Cohen, Cooper, Estep & Mudder
3350 Riverwood Parkway
Suite 2220
Atlanta, GA 30339
Telephone:  (404) 814-0000
Fax:  (404) 816-8900

26

Richard Guarneri

---

Walter Weitz

---

James G. Stranch, III
J. Gerard Stranch, IV
BRANSTETTER, KILGORE, STRANCH &
JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Fax:  (615) 255-5419

---

Eric L. Zagar
Lee D. Rudy
Schiffrin & Barroway, LLP
Suite 400
Three Bala Plaza East
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706
Fax:  (610) 667-7056 Fax

---

Steven J. Estep
Georgia Bar No. 250450
Cohen, Cooper, Estep & Mudder
3350 Riverwood Parkway
Suite 2220
Atlanta, GA 30339
Telephone: (404) 814-0000
Fax:  (404) 816-8900

26

Render C. Freeman
Georgia Bar No. 275910
Andersen, Tate, Mahaffey & McGarity, PC
1505 Lakes Parkway
Suite 100
Lawrenceville, GA  30043
Telephone:  (770) 822-0900
Fax:  (770) 822-9680

**Plaintiffs' Counsel**

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
Telephone:  (615) 244-2202
Facsimile:  (615) 252-3798

Jeffrey Fink
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue
Suite 2360
San Diego, CA 92101
Telephone: (619) 525-3990
Fax: (619) 525-3991

**Plaintiffs' Executive Committee**

27

Render C. Freeman
Georgia Bar No. 275910
Andersen, Tate, Mahaffey & McGarity, PC
1505 Lakes Parkway
Suite 100
Lawrenceville, GA  30043
Telephone:  (770) 822-0900
Fax:  (770) 822-9680

**Plaintiffs' Counsel**

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
Telephone:  (615) 244-2202
Facsimile:   (615) 252-3798

Jeffrey Fink
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue
Suite 2360
San Diego, CA 92101
Telephone: (619) 525-3990
Fax: (619) 525-3991

**Plaintiffs' Executive Committee**

27



C. Neal Pope
Georgia Bar No. 583769
Teresa Pike Tomlinson
Georgia Bar No. 466930
Pope, McGlamry, Kilpatrick,
Morrison & Norwood, LLP
Synovus Centre
1111 Bay Avenue, Suite 450
Columbus, GA 31901-2412


Richard H. Gill, Esq.
George W. Walker, III, Esq.
Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street
P.O. Box 347
Montgomery, AL 36101-0347

**Counsel for Defendants Belatti, Frankel, Holbrook, Kaplan
Luther, Moddelmog and Wilkins**


David G. Russell
Georgia Bar No. 630250
J. Marbury Rainer
Georgia Bar No. 592225
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Ave., NE
Atlanta, GA 30303

**Counsel for Defendants Arias, Byrd, Ide, Roth, Starrett
Figel, Spogli, Pennington, Freeman Spogli & Co., Penman Private Equity and
Mezzanine Fund, L.P., Penman Asset Management, L.P., Doran, Farrar, and
Wardlaw**

C. Neal Pope
Teresa Pike Tomlinson
Pope, McGlamry, Kilpatrick,
Morrison & Norwood, LLP
Synovus Centre
1111 Bay Avenue, Suite 450
Columbus, GA 31901-2412


_____
Richard H. Gill, Esq.
George W. Walker, III, Esq.
Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street
P.O. Box 347
Montgomery, AL 36101-0347

**Counsel for Defendants Belatti, Frankel, Holbrook, Kaplan
Luther, Moddelmog and Wilkins**



David G. Russell
Georgia Bar No. 630250
J. Marbury Rainer
Georgia Bar No. 592225
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Ave., NE
Atlanta, GA 30303

**Counsel for Defendants Arias, Byrd, Ide, Roth, Starrett
Figel, Spogli, Pennington, Freeman Spogli & Co., Penman Private Equity and
Mezzanine Fund, L.P., Penman Asset Management, L.P., Doran, Farrar, and
Wardlaw**

28

C. Neal Pope
Georgia Bar No. 583769
Teresa Pike Tomlinson
Georgia Bar No. 466930
Pope, McGlamry, Kilpatrick,
Morrison & Norwood, LLP
Synovus Centre
1111 Bay Avenue, Suite 450
Columbus, GA  31901-2412


Richard H. Gill, Esq.
George W. Walker, III, Esq.
Copeland, Franco, Screws & Gill, P.A.
444 S. Perry Street
P.O. Box 347
Montgomery, AL  36101-0347

**Counsel for Defendants Belatti, Frankel, Holbrook, Kaplan
Luther, Moddelmog and Wilkins**

David G. Russell
Georgia Bar No. 630250
J. Marbury Rainer
Georgia Bar No. 592225
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Ave., NE
Atlanta, GA  30303

**Counsel for Defendants Arias, Byrd, Ide, Roth, Starrett
Figel, Spogli, Pennington, Freeman Spogli & Co., Penman Private Equity and
Mezzanine Fund, L.P., Penman Asset Management, L.P., Doran, Farrar, and
Wardlaw**

_William P. Eiselstein_ by JMM
w/express
permission
William P. Eiselstein
Georgia Bar No. 242798
Shelby R. Grubbs
Georgia Bar No. 314500
Miller & Martin, PLLC
1170 Peachtree St., Ste. 800
Atlanta, GA  30309

**Counsel for Nominal Defendant AFC Enterprises, Inc.**

413048_1

29